IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74939-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| JOHN DAVID SWANSON, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: June 5, 2017 |

BECKER, J. — The trial court did not abuse its discretion in denying the appellant's motion to sever the assault and robbery counts. The jury could reasonably be expected to compartmentalize the simple and discrete evidence of each crime, the defenses were not contradictory, and the jury was instructed to decide each count separately. We affirm.

In April 2015, appellant John Swanson's marriage was deteriorating. According to his wife, he frequently monitored her usage of her computer and cell phone. On April 28, he confronted his wife on the street as she was on her way to school and grabbed her arm. When she pulled her arm away, he grabbed her handbag off her shoulder and ran away. One eyewitness testified she saw a man pulling a bag from a woman and calling her a bitch. Another witness saw the man forcefully pushing the woman against a building while trying to get the handbag. He said a bystander was able to get the handbag before the man fled

into an apartment building. Police who responded to this incident interviewed Ms. Swanson. She was not sure why her husband took her handbag. She disclosed that five days earlier, he had shoved her against the wall and pinned her to the floor in their condominium.

The State charged Swanson with one count of domestic violence assault in the fourth degree for the incident inside the condominium on April 23 and one count of robbery in the second degree for the handbag-grabbing incident on April 28.

Before trial, Swanson moved to sever the offenses. The trial court denied the motion.

At trial, Ms. Swanson was the only witness on the assault count. She testified that on April 23 when she changed the passwords on her computer and phone to evade Swanson's constant monitoring of her behavior, he confronted her in anger, threw her phone in the toilet, and shoved her against the wall. For the robbery count, she and two of the eyewitnesses described the handbag-grabbing incident.

Swanson did not testify and did not present any evidence. In closing argument, Swanson offered separate defenses for the assault and robbery charges. His defense to the assault charge was that without corroboration, his wife's testimony was insufficient. "Any time there's a marriage that's heading towards divorce, the parties could have powerful motive to spin things to their advantage . . . to get leverage in the impending divorce."

2

Swanson's defense of the handbag-grabbing incident was that the State did not prove he had the intent to steal property belonging to another. The jury was instructed that the defendant's intent to commit theft of the property was one of the elements of robbery. The jury was informed that theft means "to wrongfully obtain or exert unauthorized control over the property or services of another, or the value thereof, with intent to deprive that person of such property or services." Swanson argued that everything in the handbag was community property, and so "this is not a situation where someone is trying to steal something that they have no right to."

The jury found Swanson guilty of assault and not guilty of robbery. Swanson appeals the assault conviction. He contends the trial court erred in denying his motion to sever the counts.

Failure to sever counts is reversible only upon a showing that the court's decision was a manifest abuse of discretion. State v. Bythrow, 114 Wn.2d 713, 717, 790 P.2d 154 (1990).

Defendants seeking severance have the burden of demonstrating that a trial involving both counts would be so manifestly prejudicial as to outweigh the concern for judicial economy. Bythrow, 114 Wn.2d at 718. The defendant must be able to point to specific prejudice. Bythrow, 114 Wn.2d at 720.

To determine whether to sever charges to avoid prejudice to a defendant, a court considers "'(1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each count separately; and (4) the admissibility of evidence of the other charges

3

even if not joined for trial.'" State v. Sutherby, 165 Wn.2d 870, 884-85, 204 P.3d

916 (2009), quoting State v. Russell, 125 Wn.2d 24, 63, 882 P.2d 747 (1994). In

Sutherby, the defendant was granted a new trial when the court concluded

counsel was ineffective in failing to move for severance. Sutherby, 165 Wn.2d at

887.

Here, the trial court analyzed the factors bearing on Swanson's motion for

severance. The court stated that it viewed the strength of the State's evidence

on the two charges as about even, then addressed the other three factors:

> More importantly, it strikes me that the defenses are
> consistent here. There is no conflicting defense in this case. The
> defense is not prejudiced by having to advance one defense in one
> case, and another in another case; it's perfectly consistent for Mr.
> Swanson to say, as to the assault, 'It didn't happen," and to say, as
> to the alleged robbery, "I was just getting back property that
> belonged to me, and I always had equal access to her purse," or
> whatever it is that he might say about that.
> I don't think there's any issue here, in terms of jury
> instructions, because this Court has often given the instruction to
> jurors about considering each count separately; and I think jurors
> are very, very good about following that instruction when it's clearly
> given; and I intend to instruct here.
> And, finally . . . although, I don't see how the robbery would
> be cross-admissible, as to the assault—it does seem to me that the
> assault tends to inform both motive and intent in figuring out what
> was going on with this information between Mr. Swanson and Ms.
> Swanson and the purse.
> So, I think I'm within my discretion in keeping those counts
> together. And, I'll tell you that I think it enhances judicial efficiency
> not to have two separate trials, where Ms. Swanson shows up to
> tell us about background and what occurred on these events fairly
> close in time.
> She's a pretty significant witness in this case, and this saves
> us from having to bring in two juries to have her listen to her twice
> about events very close in time; particularly, since at least one of
> those juries would possibly be hearing about two of the events:
> namely, the assault at the same time they heard about the robbery.

I don't think it enhances judicial efficiency at all to separate these counts; and, for all those reasons, I'm going to deny the motion, although it's an interesting one.

Swanson contends that the trial court failed to recognize that the evidence of his aggressive and forceful conduct during the alleged robbery prejudiced his defense of the assault charge.

Swanson first argues the court should have recognized that the State's evidence on the robbery count was stronger because of the other eyewitnesses. The number of witnesses is not necessarily determinative of the strength of a case. It was undisputed that Swanson seized the handbag and ran away with it; the disputed issue was whether he intended to commit theft. Ms. Swanson, the only witness who might have had insight into the issue of intent, was not sure why Swanson took her handbag.

The major issue Swanson raises is lack of cross admissibility. The trial court recognized that evidence of the handbag-grabbing incident, which happened five days after the assault, would not have been admissible to support the assault charge if there had been separate trials. The only evidence of the assault was Ms. Swanson's uncorroborated testimony. Swanson argues that the evidence of his use of force during the alleged robbery was inadmissible propensity evidence that "would go only to show Swanson's aggressive disposition" toward his wife, making her account of the assault more plausible.

Lack of cross admissibility of the evidence may in some cases be so prejudicial as to require severance. But the fact that separate counts may not be cross admissible does not represent a sufficient ground for severance as a

matter of law. Bythrow, 114 Wn.2d at 720. The primary concern is whether the jury can reasonably be expected to compartmentalize the evidence so that evidence of one crime does not taint the jury's consideration of the other crime. Bythrow, 114 Wn.2d at 721. When the issues are relatively simple and the trial lasts only a couple of days, generally it is reasonable to expect that the jury will compartmentalize the evidence. Bythrow, 114 Wn.2d at 721. If so, there may be no prejudicial effect from joinder even when the evidence would not have been admissible in separate trials. Bythrow, 114 Wn.2d at 721.

Here, the alleged crimes occurred on different days in different locations. The evidence was relatively simple, and it was presented to the jury in just a couple days. As the trial court noted, Swanson's defenses were not conflicting or inconsistent.

In addition, the court instructed the jury to decide each count separately: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." Jurors are presumed to have followed this instruction. State v. Warren, 165 Wn.2d 17, 29, 195 P.3d 940 (2008), cert. denied, 556 U.S. 1192 (2009).

The State's argument was consistent with the instruction to decide each count separately. "Just because you think he's guilty of assault four doesn't mean you automatically assume he's guilty of robbery—or vice versa. You have to consider them independently." The State argued that Ms. Swanson's account of the assault was credible because of the high level of detail, that credible

6

testimony from one witness was sufficient evidence to establish guilt for the assault, and that what happened on April 23 was relevant to show Swanson's state of mind on April 28. The State argued that Ms. Swanson's testimony of the handbag-grabbing incident was credible because of the corroboration by eyewitnesses. The State did not argue Swanson's use of force against his wife on April 28 proved that he assaulted her on April 23. In reply, the State argued that Ms. Swanson's credibility was enhanced by the corroborating eyewitnesses, but the State was referring to the alleged robbery, not to the assault.

Under these circumstances, it is not dispositive that the robbery evidence was inadmissible to support the assault charge. With the pattern instruction to decide each count separately, the jury could reasonably be expected to compartmentalize the evidence of the two counts.

Swanson suggests that there should have been a limiting instruction directing the jury that evidence of one crime could not be used to decide guilt for a separate crime. The absence of such an instruction was noted in Sutherby as one of the reasons why the charges of child rape and child molestation should have been severed from the charges of possession of child pornography. Sutherby, 165 Wn.2d at 885-86.

Sutherby did not hold that a limiting instruction was required, and Swanson did not ask for one. The absence of a limiting instruction was significant in Sutherby because "the State consistently argued that the presence of child pornography on Sutherby's computers proved he sexually abused" the victim. Sutherby, 165 Wn.2d at 885.

7

Swanson had the burden to demonstrate that a trial involving both counts would be so manifestly prejudicial as to outweigh the concern for judicial economy. The trial court, having weighed the factors bearing on severance, decided Swanson did not meet that burden. We find no abuse of discretion.

Swanson asks that no costs be awarded on appeal. The State does not respond. Appellate costs are generally awarded to the substantially prevailing party on review. Swanson was found indigent by the trial court. When a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. If the State has evidence indicating that Swanson's financial circumstances have significantly improved since the trial court's finding, the State may file a motion for costs with the commissioner.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, J.

Schindler, J.

8